FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 23 2017 ★
LONG ISLAND OFFICE

# UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

EMMANUEL ETERE

(Plaintiff)

Vs

NASSAU COUNTY;

NASSAU COUNTY POLICE DEPARTMENT;

NASSAU COUNTY TAXI & LIMOZINE COMMISSION

THOMAS KRUMPTER; GREGORY MAY; OFFICER RYAN FAIS;

OFFICER SODANO

Defendant(s)

JURY TRIAL DEMANDED

CV-17 3113

TOWNES, J.

BLOOM, M.J.

1. Plaintiff Pro Se, Emmanuel Etere, alleges as follows:

## NATURE OF ACTION

2. Firstly, Plaintiff Emmanuel Etere, brings this civil rights action for money damages and injunctive relief to redress defendant's violation of his civil rights under 42 USCA 1983. Plaintiff brings this action for violation of his 4th Amendment right, to be free from unreasonable stop, search and seizure, and for violation of his civil rights under the equal protection clause of the 14th Amendment and violation of his 14th Amendment due process right by Nassau County Police Department and Nassau County Taxi and Limousine Commission, based on established articulable standards. Plaintiff should not be stopped and searched, except by reasonable suspicion that he has committed a crime. Plaintiff was

participating in the "on-demand economy:" as a part-time Uber taxi driver, when he was stopped illegally, without any cause and his cell phone was searched to investigate whether he has illegally picked up passengers from Nassau County. No such violation was found. The Nassau County Police Officer, who stopped plaintiff on the highway, used the traffic stop as a pretext to investigate other law violations, to which no probable cause or even articulable suspicion existed.

3. Defendants, whose currency of operation is impunity, include Nassau County, Nassau County Department of Police (NCPD), Nassau County Taxi and Limousine Commission (NCTLC); Nassau County Commissioner of Police, Commissioner of Nassau County Taxi and Limousine Commission, Officer Ryan Fais of the NCPD, Officer Sodano of the Nassau County Taxi and Limousine Commission..

4. Secondly, Plaintiff brings this action as a supplemental state claim for interference with contract in accordance with the laws of the State of New York, against defendants for terminating a trip in progress and denying Plaintiff the opportunity to earn a full fare.

## JURISDICTION

5. Plaintiff, Emmanuel Etere brings this action pursuant to 42 USCA Section 1983 and the laws of the State of New York. Jurisdiction is conferred upon this court by 28 USC Section 1331 and 1343(a), and by 28 USC Section 1367(a), which provides for supplemental jurisdiction over plaintiff's state law claims, which forms part of the same case or controversy.

## VENUE

6. Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 USC Section 1391(b) and 112(b).

## JURY DEMAND

7. Plaintiff demands trial by jury in this action.

## PARTIES

8. Plaintiff, Emmanuel Etere is a law school graduate, bar exam candidate and a part-time Uber Taxi Driver. Plaintiff drives an Uber app-based For-Hire-Vehicle (FHV) to help pay for his student loans. Uber is a ride-sharing app, which offers rides to prospective passengers over a cell-phone. Uber matches drivers with passengers who request rides through the smartphone app, and passengers pay automatically through the app. By switching on the Uber app, plaintiff may accept requests for rides from potential passengers by tapping on his phone, and would drive to the indicated location to pick up the passenger and drive to his/her indicated destination.

9. Defendant, Nassau County is a municipal corporation that through its agencies, like Nassau County Police Department (NCPD) enforces the law and through its Nassau County Taxi and Limousine Commission regulates taxis and For-Hire-Vehicles (FHV) in Nassau County. Nassau County through its agencies promulgate and implement policies, including those with respect to law enforcement and the regulation of taxis and For-Hire-Vehicles (FHV) in Nassau County. Senior officials in these Nassau County agencies are aware of and tolerate practices by subordinate employees, including those that are inconsistent with formal policies. These practices, because they are widespread and deeply embedded in the culture of the department, constitute unwritten departmental policies. Nassau County is also responsible for the appointment, training, supervision and conduct of all NCPD and NCTLC personnel, including the defendants mentioned herein.

10. Nassau County Police Department is a law enforcement agency in Nassau County and is responsible for enforcing all laws in Nassau County. The department is responsible for appointment, training, supervision and conduct of all NCPD personnel, including the defendant (Officer Ryan Fais), mentioned herein.

11. Nassau County Taxi and Limousine Commission (NCTLC) is a law enforcement agency in Nassau County, responsible for the registration and enforcement of all laws regulating taxis and For-Hire-Vehicles (FHV) in Nassau County. The department is responsible for the appointment, training, supervision and conduct of all NCTLC personnel, including the defendant (Officer Sodano), mentioned herein.

12. Defendant, Thomas Krumpter is the Commissioner of Police in Nassau County, and is responsible for the management and control of the Nassau County Police Department. Defendant is aware of and tolerate practices by subordinate employees, including those that are inconsistent with formal policy. These practices, because they are widespread and deeply embedded in the culture of the Nassau County Police Department, constitute unwritten departmental policy. The Department is also responsible for the appointment, training, supervision and conduct of all NCPD personnel, including the defendant mentioned herein. Commissioner Thomas Krumpter is sued in his individual and official capacity.

13. Defendant, Ryan Fais is a Police Officer with the Nassau County Police Department. Defendant pulled Plaintiff over on 07/14/16 at about 7.15 pm on Sunrise Highway by Hook Creek Blvd, in the Jurisdiction of Queens County in New York City, which is outside his own jurisdiction and where he had no power to enforce any Nassau County laws. Defendant, Ryan Fais was in the company of an unnamed Nassau County Taxi and Limousine Commission official. Defendant alleged that plaintiff had a covered license plate and issued plaintiff a ticket, and in the company of the unnamed NCTLC official conducted a search of plaintiff's trip history on the Uber app in plaintiff's cell phone to investigate if Plaintiff had picked up passengers in Nassau County without authorization. No such violation of NCTLC laws were found in Plaintiff's trip history, retrievable from

plaintiff's cell phone. Defendant violated plaintiff's 4th Amendment right to be secure in his person and to be free from unreasonable stop, searches and seizure. Defendant also violated plaintiff's civil rights under the equal protection clause of the 14th Amendment. Officer Ryan Fais is sued in his individual and official capacity.

14. Defendant, Gregory May is the Commissioner of the Nassau County Taxi and Limousine Commission (NCTLC). He is responsible for the management and control of the NCTLC, as well as all matters, relating to the selection, supervision, promotion, training and discipline of all NCTLC Officers. Upon information and belief, Commissioner Gregory May is provided on a daily basis with reports of regulation of taxis and For-Hire-Vehicles (FHV) in Nassau County. Commissioner May is responsible for the conduct of his subordinate, Ryan Sodano mentioned herein. Defendant, Gregory May is sued in his individual and official capacity.

15. Defendant Sodano is an Official of the Nassau County Taxi and Limousine Commission, and is responsible for enforcing Nassau County laws regulating the operations of taxis and For-Hire-Vehicles (FHV) in Nassau County. Defendant Sodano accosted plaintiff, in his car on 02/17/17 at 8:41 am, while plaintiff was siting his car alone and eating breakfast at the parking lot of Nordstrom Store, in Roosevelt Field Mall in Garden City, New York. Plaintiff was also waiting for the store to open, in order to check out the closeout rack, in the clothing department. Defendant asked plaintiff for his license and registration and a Nassau County permit to pick up passengers in Nassau County, and defendant also asked to search plaintiff's cell phone to investigate if plaintiff has picked up riders in Nassau County without authorization. Under threats and intimidation, plaintiff gave defendant his cell phone and defendant searched it, and later gave plaintiff a ticket. Defendant had no sufficient legal reason, to accost plaintiff and search his cell phone without consent. Defendant is sued in his individual and official capacity for violation of plaintiff's 4th Amendment right to be secure in his person, and to be free from unreasonable searches and seizures. Officer Sodano is sued in his individual and official capacity..

## FACTUAL ALLEGATIONS

16. On Thursday, July 14, 2016 at about 7:45 pm, plaintiff was working as a Uber Taxi Driver around Laurelton section of Queens county in New York City, when he received a request for a pick on his Uber app. The location indicated on the request was at Target Store, in Green Acres Mall. As plaintiff was driving towards the pick-up location and while in heavy traffic, plaintiff received a call from the person who requested the pick-up, that she has left Target in Green Acres Mall and was standing in front of a Dunkin Donuts on Sunrise Highway by Hook Creek Blvd in Queens. Plaintiff made his way to Dunkin Donuts and picked up the passenger at the indicated location. Passenger was going to Flushing in

Queens County. Suddenly, plaintiff noticed a Nassau County Police Cruiser behind him with flashing lights. The Police Officer signaled plaintiff to pull over. Plaintiff pulled over at the intersection of Hook Creek Blvd and Sunrise Highway, which was in Queens County. Plaintiff sat in the car with the passenger at the back, when defendant officer Ryan Fais and an official of Nassau County Taxi and Limousine Commission approached plaintiff's car from behind.

17. Defendant Officer Ryan Fais asked plaintiff for his license and registration and plaintiff gave them to him. Plaintiff asked defendant Officer Ryan Fais what the problem was. Defendant officer, Ryan Fais stated that he would tell plaintiff later. The unnamed official of Nassau County Taxi and limousine Commission asked plaintiff if he has picked up passengers in Nassau County and if he had been operating in Nassau County without authorization. Plaintiff stated that he hasn't picked up any passenger in Nassau County and had not been operating in Nassau County. Plaintiff asked the official from Nassau County Taxi and Limousine Commission what his name was, and what agency he represented and if he was also a police officer, as he was wearing civilian clothes, but had a badge around his neck. The NCTLC officer stated that he wasn't a police officer, but represented NCTLC, but refused to disclose his name. The NCTLC Officer stated that he had to see plaintiff's phone to access his trip history and investigate if plaintiff has picked up passengers in Nassau County without authorization.

18. Plaintiff answered and stated that a warrant was required to access his cell phone. The NCTLC official stated that he did not require a warrant to access the trip history of any For-Hire-Vehicle (FHV) driver's cell phone. Plaintiff stated that it was against the law, to pull him over while on a highway, without any reasonable suspicion of committing a violation of any law. Officer Ryan Fais interjected and stated that plaintiff was wasting their time and could be arrested for "obstructing government administration". Plaintiff stated that the only way to access his cell phone while on a trip with a passenger was to end the current trip and that he was not agreeing to end the trip and not be paid for it. Again, Officer Ryan Fais threatened to have plaintiff arrested. Since plaintiff had no arrest record and was not willing to have one, he handed over his cell phone and the unnamed NCTLC Officer swiped the arrow on the Uber app to end the trip and accessed plaintiff's cell phone for his trip history. Both Officers returned to their patrol vehicle, and a few minutes later, they returned and handed over the phone to plaintiff. They did not find any violation of Nassau County prohibition against picking up passengers in Nassau County without authorization.

19. Plaintiff then asked Officer Ryan Fais for the reason he was pulled over. Defendant Officer Ryan Fais, then explained that the reason he pulled plaintiff over on the highway was because his license plate was covered. Plaintiff asked defendant Officer Ryan Fais to explain what he meant. Officer Ryan Fais asked plaintiff to step out of the car and he would show him what he meant. Officer Ryan Fais led plaintiff to the back of the car and explained that the reason he pulled plaintiff over was because the "TLC" insignia on the license plate was obstructed by the license plate holder around the license plate, which advertised the car dealer's name and phone number. The Car dealer's advertisement on Plaintiff's license plate holder was "American Lease." This was on the lower half of the

license plate holder and the telephone number displayed at the upper half of the same license plate holder was: 718-590-0000. In fact, overwhelming majority of cars have the same license plate holders around their license plates, advertising their car dealer's information, e.g. "Advantage Honda." "Tel: 516-272-2344.". Plaintiff asked defendant officer Ryan Fais what police were supposed to be looking for on a license plate: the plate numbers or the TLC insignia. Defendant Officer Ryan Fais did not answer.

20. Defendant Officer Ryan Fais stated that he would issue plaintiff a ticket for having a covered license plate. Plaintiff stated that his license plate was not covered and that overwhelming majority of drivers have the similar license plate holders, advertising their car dealer's information and plaintiff asked why he had to be singled out and pulled over on the highway for such alleged non-existent violation. Defendant Officer Ryan Fais went back into his patrol vehicle and a moment later, came back and handed plaintiff a ticket, for a supposed "covered license plate." Defendant Officer Ryan Fais asked plaintiff to leave and plaintiff entered his car and drove off with the passenger to drop her off, without receiving a full payment for the fare

21. On September 26, 2016, plaintiff made an appearance on the said ticket at the Nassau County Traffic Court and pleaded "Not Guilty." Plaintiff was offered the chance to pay a much reduced fine. Plaintiff declined the offer and requested a hearing. No hearing has been scheduled so far. Plaintiff intends to show the court his license plate with the license plate holder around it, and disprove the bogus claim by the defendant, Officer Ryan Fais that his license plate was covered. Thus, Officer Ryan Fais made a bogus claim for a covered license plate to pull plaintiff over on a public highway, which was just a pretext to search plaintiff's cell phone by the unnamed NCTLC official for any unauthorized pick-up of passengers in Nassau County.

22. On February 17, 2017 at about 8:40 am, plaintiff was sitting in his car eating breakfast, at the parking lot of Nordstrom Department store at the Roosevelt Filed Mall, Plaintiff was also waiting for the store to open at 9:00 am, to check out the closeout rack in the clothing department. Plaintiff was alone, when he was accosted by an officer of Nassau County Taxi and Limousine Commission (NCTLC). The Officer introduced himself as Officer Sodano and asked plaintiff for his license and registration. Plaintiff asked if he had done anything wrong. Officer Sodano stated that he needed to investigate if plaintiff had picked up passengers in Nassau County without authorization, and asked if plaintiff had a license to operate in Nassau County. Plaintiff stated that he did not have one. Officer Sodano asked to access plaintiff's trip history on his Uber app. Plaintiff stated that in order to access his trip history on his Uber app, that Officer Sodano needed a warrant and that he would not voluntarily consent to have his cell phone searched. Officer Sodano stated that he did not need a warrant to access the trip history of a For-Hire-Vehicle (FHV) driver's cell phone in Nassau County. Plaintiff asked Officer Sodano what the legal standard for stopping a vehicle to access the driver's cell phone was. Officer Sodano stated that any car with a New York City "TLC" license plate was liable to be stopped anywhere in Nassau county, to investigate if the driver was picking up passengers in Nassau county without authorization. Plaintiff reiterated that it was a violation of his constitutional right to search his cell phone without a warrant and that his request to search his cell phone for violations of NCTLC

laws does not meet the requirements for a warrantless search either.. Officer Sodano threatened that the consequences of a refusal to hand over plaintiff's cell phone to access his trip history were severe in Nassau County and included the issuance of multiple tickets and impounding of plaintiff's vehicle.

23. Plaintiff handed over his cell phone unwillingly to defendant Officer Sodano, with the Uber app opened to the trip history page. Defendant Officer Sodano issued two tickets to plaintiff, and handed over to plaintiff, his cell phone.

24. On March 13, 2017, Plaintiff made an appearance at the Nassau County Taxi and Limousine Commission and pleaded "Not Guilty." Plaintiff was offered the chance to pay a reduced fine. Plaintiff declined the offer and requested a hearing. No hearing has been scheduled so far.

25. Thenceforth, Plaintiff ensures that his Uber app is switched off anywhere around Nassau County, or while passing through from Suffolk County, where he lives into New York City.

## AS AND FOR A FIRST CLAIM FOR RELIEF

## 42 USC 1983/4th and 14th AMENDMENT RIGHT AGAINST UNREASONABLE STOP, SEARCH AND SEIZURE

26. Plaintiff incorporates by reference the allegations set forth in paragraph 1 through 25 as though they were fully set forth here.

27. By reason of the foregoing, defendants. Nassau County, Nassau County Police Department, Nassau County Taxi and Limousine Commission, Commissioner Krumpter, Commissioner Gregory May and Officer Fais and Officer Sodano violated plaintiff's 4th and 14th Amendment rights for unreasonable stop, search and seizure. Plaintiff's car was pulled over on Sunrise Highway in Queens County, where the defendants had no jurisdiction. Defendants conducted an illegal search of plaintiff's cell phone, to access his trip history and no evidence of violation of Nassau County laws regulating the operation of Taxis by drivers not registered in Nassau County was found.

28. Defendants exhibited a deliberate indifference to plaintiff's right to be secure in his person, and to be free from unreasonable search and seizure, in violation of plaintiff's 4th and 14th Amendment to the constitution of the United States.

29. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages alleged herein.

## AS AND FOR A SECOND CLAIM FOR RELIEF

## 42 USC 1983/14TH AMENDMENT EQUAL PROTECTION CLAUSE

30. Plaintiff incorporates by reference the allegations set forth in paragraph 1 through 25 as though they were fully set forth here.

31. By reason of the foregoing, defendants, Nassau County, Nassau County Police Department, Nassau County Taxi and Limousine Commission, Commissioner Thomas Krumpter,

Commissioner Gregory May and Officer Ryan Fais violated plaintiff's civil rights under the equal protection clause of the 14th Amendment to the US Constitution.

32. Defendants were motivated by racial animus to pull plaintiff over on a public highway, without any reasonable cause. Overwhelming majority of motorists have license plate holders around their license plate, displaying their car dealer's information, e.g. "Competition Subaru" or "Advantage Toyota" and their telephone numbers. The State of New York does not ban these license plate holders. Thus plaintiff was singled out to have his rights violated by the defendants.

33. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages alleged herein.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### 42 USC Section 1983/4th and 14th AMENDMENT RIGHT AGAINST UNREASONABLE STOP, SEARCH AND SEIZURE

34. Plaintiff incorporates by reference the allegations set in paragraph 1 through 25, as though they were fully set forth here. Defendants, Nassau County Taxi and Limousine Commission, Commissioner Gregory May and Officer Sodano of the Nassau County Taxi and Limousine Commission (NCTLC), willfully violated plaintiff's 4th and 14th Amendment rights to be secure in his person, and to be free from unreasonable search and seizure.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages alleged herein.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### INTERFERENCE WITH CONTRACT

36. Plaintiff incorporates by reference the allegations set forth from paragraph 1 through 25, as though they were fully set forth here.

37. By reason of the foregoing, defendants, Nassau County, Nassau County Police Department (NCPD); Nassau County Taxi and Limousine Commission (NCTLC); Commissioner Krumpter, Commissioner Gregory May; Officer Ryan Fais interfered with plaintiff's contract to transport a passenger to her destination for a fare. Defendants pulled plaintiff over to the shoulder of Sunrise Highway in Hook Creek Blvd in Queens, where they had no jurisdiction without cause and without any reasonable suspicion of violation of any laws, including any violation of New York State's Vehicle and Traffic Law (VTL). Defendants searched plaintiff's cell phone illegally and found no evidence of violation of Nassau County Taxi and limousine (NCTLC) laws regulating the operation of FHV in Nassau County.

38. As a direct and proximate result of this misconduct and abuse of authority detailed above, plaintiff sustained the damages alleged herein.

## **PRAYER FOR RELIEF**

39. Wherefore, plaintiff requests that the court grant the following relief:
40. Award plaintiff compensatory damages against each and every defendant, including the County of Nassau, in an amount of not less than $2,000,000.00 (Two Million Dollars), jointly and severally for violation of plaintiff's 4th and 14th Amendment, to be secure in his person and to be free from unreasonable searches and seizure, for violation of plaintiff's rights under the equal protection clause and for violation of plaintiff's due process rights and for defendants' interference with plaintiff's contract to transport a passenger to her destination for a fare.
41. Ordering a permanent injunction against the defendants, to stop them from conducting illegal searches of all taxi and FHV drivers' cell phone, to access their trip history or for any other untoward reasons
42. An order awarding plaintiff the cost of this action, with disbursement.
43. Such other relief as the court may deem just and proper.

Dated: Bay Shore, NY
May 23rd, 2017

Emmanuel Etere, LLB, LLM.

Plaintiff, Pro Se

430 Spur Drive North

Bay Shore, NY 11706

Tel: 718-807-1871