```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EMMANUEL ETERE,

                        Plaintiff,                **MEMORANDUM AND**
                                                  **ORDER**
            -against-                             CV 17-3113 (AYS)

NASSAU COUNTY, OFFICER RYAN
FAIS and OFFICER SODANO,

                        Defendants.
-------------------------------------------------------------X
```

**SHIELDS, Magistrate Judge:**

Pro se plaintiff Emmanuel Etere ("Plaintiff" or "Etere"), is an Uber driver who commenced this action pursuant to 42 U.S.C. 1983 ("Section 1983") against Defendants alleging that their conduct in connection with the issuance of three tickets and search of the trip history on his Uber App violated the Constitution of the United States. Named as Defendants are the County of Nassau ("Nassau" or the "County"), Nassau County Police Officer Ryan Fais ("Fais" or "Officer Fais") and Nassau County Taxi Limousine Commission Officer Sodano ("Sodano" or "Officer Sodano") (collectively "Defendants"). Officer Fais and Officer Sodano are alleged to be sued in their individual and official capacities.

Presently pending before the Court is Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56. Docket Entry ("DE") [85]. For the following reasons Defendants' motion is denied without prejudice with leave to re-file in accordance with the Court's Local Rules.

In the Second Circuit, a district court cannot grant a motion for summary judgment in a case involving a pro se litigant unless (1) the court apprises the pro se litigant of the consequences of failing to respond to the motion, see Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir.1994);

1

(2) an opposing party has already provided the pro se litigant with the requisite notice, see Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996); or (3) it is clear that the pro se litigant understands "the nature and consequences of summary judgment", see M.B. # 11072–054 v. Reish, 119 F.3d 230, 232 (2d Cir. 1997). See Vital v. Interfaith Med. Ctr., 168 F.3d 615, 620–21 (2d Cir. 1999) (holding that the failure of the district court to apprise a pro se litigant of the consequences of failing to respond to a motion for summary judgment is a ground for reversal). To fulfill this duty, the United States District Courts for the Eastern and Southern Districts of New York adopted Local Rule 56.2 on September 23, 1999.

Local Rule 56.2 provides in relevant part that:

> [a]ny represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached. Where the *pro se* party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

"The notice referred to in the rule advises the *pro se* litigant of the possibility that the complaint may be dismissed and informs the litigant that he or she must submit evidence countering the facts asserted by the defendant and raising issues of fact for trial." Covello v. Depository Tr. Co., 212 F. Supp. 2d 109, 115 (E.D.N.Y. 2002). In short, "the focus of both *Vital* and Local Rule 56.2 is that the *pro se* litigant understands 'the consequences of failing to respond to a motion for summary judgment' and receives notice that 'he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial.'" Id. (quoting Vital, 168 F.3d at 621).

Notwithstanding, this requirement "should not be understood, however, to set down an unyielding rule prohibiting district courts from acting upon motions for summary judgment sought against *pro se* litigants in the absence of explanatory notice." Sawyer v. Am. Fed'n of Govt. Emp., AFL-CIO, 180 F.3d 31, 35 (2d Cir. 1999). "On the contrary, the issue in each case

2

remains whether from all of the circumstances, including the papers filed by the *pro se* litigant, it is reasonably apparent that the litigant understood the nature of the adversary's summary judgment motion and the consequences of not properly opposing it." Id.

Accordingly, the Second Circuit has recognized exceptions to this obligation when the moving party has provided the pro se litigant with the requisite notice through other means, see Artuz, 76 F.3d at 486, or when the pro se litigant responds to the summary judgment motion with factual and legal submissions indicating that he understood the nature and consequences of summary judgment and "the need to set forth all available evidence demonstrating a genuine dispute over material facts," Reish, 119 F.3d at 232. See Sawyer, 180 F.3d at 34.

Here, the record shows that Defendants failed to serve on Plaintiff the required notice and statement under Local Rule 56.2. And after reviewing the record, the Court concludes that the evidence in the record is unclear as to whether Plaintiff understood the nature of a summary judgment motion and his burden in responding to such a motion (*i.e.*, that he must submit evidence countering the facts asserted by Defendant and raising issues of fact for trial).

To be sure, the record does show that, at best, Plaintiff understands the consequences of a summary judgment motion, particularly because he attempted to move for summary judgment. However, while it appears that he served a motion on Defendants, he did not actually file his motion, nor any opposition to Defendants' summary judgment motion with the Court. The docket reflects that Plaintiff attempted to file his motion for summary judgment with the Court on August 26, 2022. See DE [84]. However, on August 30, 2022 his motion was returned to him and not docketed. Id. Included with the returned filing was a letter explaining that because his filing did not comply with this Courts June 10, 2022 Order setting forth the briefing schedule for the summary judgment motions -namely that he was to serve his motion for summary judgment

3

on Defendants by August 26, 2022 - not file the motion until it was fully briefed - that his filing was being returned to him and not docketed. Id.

Nonetheless, "in the absence of explicit notice, the mere existence of a response does not automatically give rise to the inference that a *pro se* litigant understood the nature of a summary judgment motion." Sawyer, 180 F.3d at 35. As the Second Circuit previously noted,

> the concerns that we have expressed regarding *pro se* litigants' understanding of summary judgment are not extinguished by the mere fact that a *pro se* litigant files a response of some sort. Where the proper notice has not been given, the mere fact that the *pro se* litigant has made some response to the motion for summary judgment is not dispositive where neither his response nor other parts of the record reveal that he understood the nature of the summary judgment process.

Vital, 168 F.3d at 621.

Further, the Court is also of the view that the record fails to clearly indicate whether Plaintiff understood his burden in responding to Defendants' motion for summary judgment. Notably, Plaintiff's attempted submission, lacks the required statement of undisputed facts required under local Rule 56.1 and lacks the required response to Defendants' statement of undisputed facts under Local Rule 56.1. Cf. Reish, 110 F.3d at 232 (holding that the *pro se* plaintiff's submissions, including a 27–page declaration of facts with 104 pages of exhibits, a 40-page memorandum of law, a counterstatement of disputed facts, a cross-motion for summary judgment, and a request for further discovery, showed that he "understood the consequences of a summary judgment motion and the requirements of a successful response.").

In view of the foregoing, in its review of the Case Docket, as well as Plaintiff's failure to respond to Defendants' motion, it is unclear to the Court whether Plaintiff truly understood his burden in responding to Defendants' motion. Had Plaintiff been served with the required notice pursuant to Local Rule 56.2, along with a copy of Rule 56, this may have not been the case. As such, out of an abundance of caution, Defendants' motion must be denied.

CONCLUSION

In view of the foregoing Defendants' motion for summary judgment, appearing as Docket Entries 85 and 86 herein, are denied without prejudice to re-file in accordance with Local Rule 56.2.

The Court further SETS the following revised motion schedule: (1) The parties shall serve (not file) their relevant moving papers in conformity with the mandates of Local Rule 56.2 and certify to the Court via ECF that they have complied with Local Rule 56.2 on or before October 13, 2023; (2) The parties shall serve (not file) their opposition papers on or before November 13, 2023; and (3) the parties shall serve their reply papers on or before November 27, 2023. Defendants shall further file all motion papers (including Plaintiff's) on the reply date: November 27, 2023. Defendants shall moreover provide the Court with courtesy copies of all motion papers by December 1, 2023.

If the Plaintiff fails to timely serve an opposition to Defendants' motion, having been properly placed on notice pursuant to Local Rule 56.2 regarding his burden on summary judgment, the Court will consider the motions unopposed and will proceed accordingly.

The Clerk of Court is directed to terminate the motions on ECF Nos. 85 and 86, and to mail a copy of this order to Plaintiff at his address listed on ECF and to show service on the docket.

**SO ORDERED:**

Dated: Central Islip, New York
September 11, 2023                                /s/      Anne. Y. Shields
                                                  ANNE Y. SHIELDS
                                                  United States Magistrate Judge

5